# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       )
                                      )
       v.                          )      I.D. No. 1804008647
                                        )
GREGORY JOHNSON,         )
                                      )
      Defendant.          )

Submitted: October 18, 2019
Decided:  October 24, 2019

*Upon Defendant's Motion for Correction of Sentence*
**DENIED.**

## ORDER

Gregory Johnson, *pro se*, Smyrna, DE.

Maria T. Knoll, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorney for the State.

**WHARTON, J.**

This 24th day of October, 2019, upon consideration of Defendant's Motion for Correction of Sentence and the record in this matter, it appears to the Court that:

1. Defendant Gregory Johnson ("Johnson") pled guilty to Possession of a Firearm During the Commission of a Felony ("PFDCF"), Reckless Endangering First Degree, Assault Second Degree, and Assault Third Degree. On June 21, 2018, he was sentenced as a habitual offender to 25 years of incarceration on the PFDCF charge.[1] He received suspended sentences of incarceration, followed by lesser periods of supervision on the other charges.[2]

2. Before the Court is Johnson's Motion for Correction of Sentence.[3] In it, he claims that the Court failed to take into consideration multiple mitigating factors outside of the SENTAC Guidelines, and that extenuating circumstances, including a period of 22 years without a criminal conviction, should have "require[ed] the state and the court to reconsider the movant's **§ 4214(d) habitual Offender status**" (emphasis in original).[4] Additionally, citing *Adams v. Governor of Delaware*,[5] he contends that the court lacked jurisdiction in the plea proceedings so that his plea and sentence should be vacated.[6]

---

[1] D.I. 50.
[2] *Id.*
[3] D.I. 58.
[4] *Id.*
[5] 2019 WL 1549857 (3d. Cir. Apr. 10, 2019).
[6] *Id.*

3.    Neither of these arguments has merit.  SENTAC Guidelines are just that - guidelines - and are not binding on the sentencing judge.  Similarly, SENTAC Statements of Policy are no more determinative of a defendant's sentence than the Guidelines themselves.  Neither override the plain language of 11 *Del. C.* § 4214, which, in Johnson's case, because of his prior convictions, required the Court to declare him a habitual offender and to impose a sentence of 25 years on the PFDCF charge.

4.    Further, Johnson reads too much into *Adams*.  Similar arguments were made and rejected in *State v. Desmond*[7] and *State v. Kane and McNeil*.[8]  For the same reasons set out in those cases, this Court rejects Johnson's claim here.

**THEREFORE**, Johnson's Motion for Correction of Sentence is **DENIED**.

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services

---

[7] 2019 WL 1950426 (Del. Super. May 1, 2019).
[8] 2019 WL 1468195 (Del. Super. Mar. 29, 2019).